UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAV FARMS, INC.,

                                 Plaintiff,            DECISION and ORDER

-vs-

                                                      19-CV-6088 CJS

EUGENE NICHOLAS, LYNN HOTTLE,
MICHAEL ROGERS and ROGERS
CATTLE FARM,
                                 Defendants.
_____

INTRODUCTION

      This action asserts claims sounding in tortious interference with contract. Defendants removed the action to this Court on the basis of federal diversity jurisdiction. Now before the Court is Plaintiff's Motion to Remand (Docket No. [#5]). The application is granted.

BACKGROUND

      Resolution of the subject motion requires a brief examination of the somewhat convoluted relationship between the parties that has spawned several lawsuits. At all relevant times plaintiff CAV Farms, Inc. ("CAV") was a New York corporation formed for the purpose of selling grass-fed beef to an online grocer. CAV has a principal place of business in Schuyler County, New York. CAV has a single shareholder, namely, "the Jeffrey and Valerie Snider Living Trust." ("the Trust"). Jeffrey Snider and Valerie Snider ("the Sniders") are the trustees of the Trust.

      In or about January 2017, CAV became a supplier of grass-fed beef for the aforementioned online grocer. In order to obtain a supply of grass-fed beef to sell

1

to the grocer, CAV formed a New York limited liability company know as Medio Cielo, LLC ("Medio Cielo") with Rogers Cattle Farms, LLC ("Rogers Cattle").[1] Michael Rogers ("Rogers") is a member of Rogers Cattle. Rogers and Rogers Cattle are both citizens of New York. Medio Cielo was "formed for the purpose of acquiring, finishing and selling beef cattle."[2] In particular, pursuant to an agreement between CAV and Medio Cielo, Medio Cielo was supposed to obtain cattle for CAV, which CAV would in turn supply to the online grocer. In that regard, Rogers was supposed to buy cattle on behalf of Medio Cielo, using his own funds (or the funds of Rogers Cattle), after which he (or Rogers Cattle) would be reimbursed by CAV.

Pursuant to this arrangement, between January 2017 and August, 2017, CAV provided grass-fed beef to the online grocer. However, in mid-August, 2017, the online grocer abruptly terminated CAV as a supplier. The lawsuits began soon thereafter.

First, on or about January 31, 2018, the Sniders, CAV and Medio Cielo sued Rogers in New York State Supreme Court, Schuyler County, alleging that between January 2017 and June, 2017, he had duped them into reimbursing him for approximately $1 million worth of cattle that he had not actually purchased.[3] The plaintiffs in that action obtained judgment against Rogers in the total amount of

---

[1] There was also a third member, Drew Lewis, but such fact has no bearing on this matter. Docket No. [#1-8] at p. 31.
[2] Docket No. [#1-8] at p. 2.
[3] *See*, Docket No. [#1-5] at ¶ 19 ("[A]s a result of defendant Rogers' misrepresentations to the plaintiffs, he was paid by the plaintiffs in an amount of approximately $1,000,000 for approximately 900 head of cattle that he claimed he had purchased for Medio Cielo, but in fact had not purchased for Medio Cielo."

2

$969,355.00.[4]

Next, on August 16, 2018, Eugene Nicholas ("Nicholas") and Lynn Hottle ("Hottle), who are citizens of Pennsylvania, sued the Sniders and CAV in the United States District for the Middle District of Pennsylvania, alleging that CAV had failed to pay them for cattle that they sold to Medio Cielo between December, 2016, and July, 2017. CAV filed an answer in that action, but did not assert any counterclaims. That action remains pending.

Finally, on December 24, 2018, CAV filed the subject action in New York State Supreme Court, Schuyler County, against Nicholas, Hottle, Rogers and Rogers Cattle. As already noted, Nicholas and Hottle are citizens of Pennsylvania, while Rogers and Rogers Cattle are citizens of New York. The Complaint essentially asserts a claim for tortious interference with contract under New York law.

In particular, the Complaint alleges that Rogers, Rogers Cattle, Nicholas and Hottle interfered with CAV's supplier agreement with the online grocer, which caused the online grocer to terminate CAV as a supplier of grass-fed beef.[5] The alleged tortious interference took several forms: 1) Nicholas, Hottle, Rogers and Rogers Cattle conspired to supplant CAV as the supplier of grass-fed beef to the online grocer; 2) Nicholas and Hottle sold cattle to Rogers and Rogers Cattle, "for the purpose of supplying cattle to [the online grocer,] but making it appear that the

---

[4] Docket No. [#1-6] at p. 3.
[5] *See*, Docket No. [#1-1] at p. 5 ("[D]efendants . . . embarked upon a course of action intended to disrupt the supply relationship between CAV Farms, Inc. and Fresh Direct and destroy CAV Farms, Inc.'s rights under the Agreement.").

3

cattle were supplied by [CAV]";[6] 3) Nicholas, Hottle, Rogers and Rogers Cattle conspired to place counterfeit ear-tags on the cattle to mislead the online grocer into believing that the cattle were provided by CAV; 4) in July 2017, Nicholas and Hottle prepared a letter, to be signed by Rogers and sent to the online grocer, requesting that Nicholas replace CAV as the supplier and that payments be made to Nicholas; 5) in August 2017, at the request of Nicholas and/or Hottle, Rogers contacted the online grocer and requested that it pay him for cattle supplied on CAV's behalf; and 6) on or about August 13, 2017, Nicholas, Hottle and/or Rogers telephoned the online grocer, claiming that CAV was not paying its suppliers for beef, and requesting that the online grocer terminate its arrangement with CAV. On August 15, 2017, the online grocer terminated CAV as a supplier of beef.

CAV served the Summons and Complaint on Nicholas and Hottle on January 22, 2019, and January 3, 2019, respectively. On February 1, 2019, prior to CAV serving Rogers or Rogers Cattle,[7] Nicholas and Hottle removed the action to this Court. The purported basis for removal was federal diversity jurisdiction. In that regard, Nicholas and Hottle indicated that this Court has diversity jurisdiction even though Rogers and Rogers Cattle are citizens of New York, because CAV fraudulently joined Rogers and Rogers Cattle as defendants in order to defeat federal diversity jurisdiction. In that regard, Nicholas and Hottle contend, first, that CAV's desire to avoid litigating the tortious interference claim in federal court is evident from the fact that it commenced the separate state-court action, rather than

---

[6] Docket No. [#1-1] at p. 6.
[7] CAV served both Rogers and Rogers Cattle on February 19, 2019. See, Docket No. [#4-1] at p. 6.

asserting the claim as a counterclaim in the action already pending in federal court in Pennsylvania.

Further, Nicholas and Hottle maintain that the inclusion of Rogers and Rogers Cattle in this action is fraudulent because the tortious interference claim against Rogers and Rogers Cattle is barred by the doctrines of *res judicata* and "claim splitting" under New York law. More specifically, they contend that the tortious interference claim arises from the same "factual grouping" as CAV's prior successful lawsuit against Rogers in New York State Supreme Court, Schuyler County, and that it involves the same "transaction or series of connected transactions" and depends on "the same evidence" as that prior lawsuit.

Alternatively, Nicholas and Hottle maintain that Rogers is not a proper defendant in this action, in which Rogers Cattle is also being sued, since New York Limited Liability Company Law § 610 generally prohibits plaintiffs from suing members of a limited liability company in lawsuits against the limited liability company itself.

Finally, Nicholas and Hottle contend that even if Rogers and Rogers Cattle are proper defendants in this action, the Court may still exercise diversity jurisdiction if it first severs Rogers and Rogers Cattle from the action, on the ground that they are not indispensable parties.

On March 5, 2019, CAV timely filed the subject motion to remand this action to New York State Supreme Court, Schuyler County. In that regard, CAV first declares that it had every right to commence the state court action in Schuyler County, rather than asserting its tortious interference claim as a counterclaim in

5

the pending federal action in Pennsylvania. Further, CAV contends that remand is required because diversity jurisdiction is lacking. In that regard, CAV indicates that Nicholas and Hottle have failed to meet the high burden necessary to show fraudulent joinder, and that, indeed, the tortious interference claims against Rogers and Rogers Cattle are not barred under New York law by the doctrines of *res judicata* or claim splitting. Additionally, CAV maintains that its claim against Rogers is not barred by New York Limited Liability Company Law § 610, since at this point (without discovery) it cannot know whether Rogers was acting on his own behalf or on behalf of Rogers Cattle. And finally, CAV contends that the Court cannot manufacture diversity jurisdiction by severing Rogers and Rogers Cattle as defendants.

On March 18, 2019, Nicholas and Hottle filed their opposition to the Motion to Remand, in which they essentially reiterate the arguments made in support of removal, although they have not repeated their arguments concerning New York Limited Liability Company Law § 610. Additionally, they also now contend that the "forum defendant rule" (28 U.S.C. § 1441(b)(2)) does not prevent removal (even though the Rogers Defendants are citizens of the forum state) because the Rogers Defendants "were not served at the time of removal."[8]

DISCUSSION

The federal removal statute, 28 U.S.C. § 1441, states in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[8] Docket No. [#7] at p. 7.

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a) (West 2019). Of course, "[f]ederal district courts have original jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)," and "[e]ach plaintiff's citizenship must be different from the citizenship of each defendant" for the district court to have diversity jurisdiction." *Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.*, 712 F. App'x 85, 85–86 (2d Cir. 2018) ("*Benihana of Tokyo*") (citations and internal quotation marks omitted).

Further, where the basis for removal is federal diversity jurisdiction, the state-court action may not be removed if any of the "properly joined and served" defendants is a citizen of the state in which the state-court action was commenced. More specifically, "the forum defendant rule" states: "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1141(b)(2).

Forum Defendant Rule, Timing or Sequence of Service

As noted in the foregoing paragraph, the forum defendant rule prohibits removal on the basis of diversity if any defendant is a citizen of the forum state. CAV maintains that removal was therefore wrongful, since Rogers and Rogers Cattle are residents of New York. In opposition to the motion to remand, Nicholas and Hottle contend that although Rogers and Rogers Cattle are citizens of New York, such fact does not prohibit removal, since the Rogers defendants were not

7

"properly served" at the time they filed the notice of removal.

Nicholas and Hottle maintain that the "properly joined and served" language in 28 U.S.C. § 1441(b)(2) allows for removal, even where one of the named defendants resides in the forum state, so long as removal is accomplished before such defendant is served with the summons and complaint. In other words, they contend that the applicability of the forum defendant rule depends on the timing of service. Very recently, the Second Circuit agreed with Nicholas and Hottle on that point. *See, Gibbons v. Bristol-Myers Squibb Co.*, --- F.3d --- , 2019 WL 1339013 at *4 (2d Cir. Mar. 26, 2019) ("The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been "properly joined and served." 28 U.S.C. § 1441(b)(2) (emphasis added). By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.").

However, this ruling by the Second Circuit is not helpful to Nicholas and Hottle, because regardless of the forum defendant rule, an action may not be removed on the basis of diversity jurisdiction if a non-diverse defendant is named in the complaint, even if that defendant has not yet been served. *See, Stan Winston Creatures, Inc. v. Toys ""R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003) ("It is well established that an action based on state law cannot be removed to federal court if any non-diverse defendant is joined in the complaint, regardless of whether that defendant has been served. *See Pullman Co. v. Jenkins*, 305 U.S.

8

534, 59 S.Ct. 347, 83 L.Ed. 334 (1939))"; *see also*, *Brooks v. Starbucks Corp.*, No. 13-CV-2705 JG, 2013 WL 4520466, at *3 (E.D.N.Y. Aug. 26, 2013) ("The mere fact that § 1441(b)(2) did not preclude removal does not, as defendants contend, mean it authorized it. Rather, a necessary condition to removal based on diversity jurisdiction is complete diversity at the time of filing. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939)[.] Fraser was a citizen of New York when Brooks filed her complaint in state court. Therefore, removal was not justified.") (other citation omitted); *Kenneson v. Johnson & Johnson, Inc.*, No. 3:14-CV-01184 MPS, 2015 WL 1867768, at *4 (D. Conn. Apr. 23, 2015) ("Under *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41 (1939), a plaintiff's failure to serve process on a diversity-defeating defendant in state court generally does not permit the other defendants to remove the case to federal court on the basis of diversity, which remains the prevailing view in the federal courts despite post-*Pullman* changes to the removal statute.") (citation omitted); 14C Wright, Miller & Cooper, *Fed. Prac. & Proc. Juris.* § 3723 (Rev. 4th ed.) ("The language in Section 1441(b)(2) provides that diversity cases 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.' This implies that a diverse but resident defendant who has not been served may be ignored in determining removability. This should be contrasted with the rule, stated earlier, that *the presence of a non-diverse, unserved defendant will destroy removability unless that party is dismissed from the action*. This difference in practice can be justified in terms of the non-diverse party's presence being viewed as a more fundamental defect in removal based on diversity-of-citizenship

jurisdiction than is the presence of a local defendant, in violation of Section 1441(b). The first is a jurisdictional defect, and the latter generally is viewed as a non-jurisdictional, merely procedural, defect.").

Here, Rogers and Rogers Cattle are both citizens of New York, as are the Plaintiffs. Therefore, there is not complete diversity. Accordingly, the fact that CAV had not yet served Rogers and Rogers Cattle at the time of removal is irrelevant to the question of removal. Removal was inappropriate in that circumstance without regard to the forum defendant rule. Accordingly, the argument by Nicholas and Hottle, that the motion to remand should be denied because the Rogers Defendants were not served at the time of removal, lacks merit.

### Fraudulent Joinder

As just discussed, the lack of diversity between CAV and the Rogers Defendants makes removal on the basis of diversity unavailable, without regard to the forum defendant rule. However, "[i]t is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." *Pullman Co. v. Jenkins*, 305 U.S. at 541, 59 S. Ct. at 350.

In a case such as this, in which defendants have filed a notice of removal even though there is a non-diverse defendant, on the theory that the non-diverse defendant was fraudulently joined to prevent removal, the following legal principles apply:

> It is well established in this Circuit that a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely

joining as a defendant a party *with no real connection with the controversy*. Under the doctrine of fraudulent joinder, courts overlook the presence of a non-diverse defendant *if there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court*. The defendant seeking removal bears a *heavy burden* of proving fraudulent joinder by *clear and convincing evidence*.

*Benihana of Tokyo,* 712 F. App'x at 86 (emphasis added). Put differently, "[j]oinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (citation and internal quotation marks omitted).[9]

Here, the argument by Nicholas and Hottle, that the Rogers Defendants were fraudulently joined[10] in the state court action specifically to prevent removal to federal court, has two facets: 1) Plaintiff's claim against the Rogers Defendants is fraudulent because it is barred by New York State's *res judicata* rule; and/or 2) Plaintiff's claim against the Rogers Defendants is barred by New York's "claim splitting" rule. Nicholas and Hottle contend that *res judicata* and claim splitting apply here, because CAV's prior state-court lawsuit and this lawsuit both arise from business interactions relating to CAV's arrangement with the online grocer to supply grass-fed cattle:

> In the prior New York case, Plaintiff alleged that in the first half of 2017, Michael Rogers misrepresented to Plaintiff that he purchased cattle for

---

[9] In *Benihana of Tokyo*, the Second Circuit affirmed the denial of a motion to remand where it was evident from the face of the state-court complaint that an affirmative defense applied, which made it "legally impossible" for the plaintiff to recover against the non-diverse defendant. *See, Benihana of Tokyo*, 712 F.App'x at 86 ("Appellant's complaint itself, however, pleads the elements of the affirmative defense of economic interest under New York law. It is thus legally impossible for Appellant to assert its claim against AGC in state court.") (citations omitted).
[10] That is, they contend that the Nicholas defendants are not "properly joined" within the meaning of the Forum Defendant Rule.

11

> Medio Cielo, LLC that would be sent to Fresh Direct under the Agreement, when he did not make such purchases for Medio Cielo, LLC. In [the instant action,] Plaintiff alleges that, during the same time frame as at issue in the prior New York case, the Rogers Defendants acquired cattle from Defendants to sell directly to Fresh Direct (thus bypassing the Medio Cielo, LLC and Plaintiff relationships) for the purpose of disrupting the Agreement.

Notice of Removal [#1] at ¶ 53.

The question of fraudulent joinder here therefore turns upon whether CAV's claims in this action against the Rogers Defendants are barred by *res judicata* and/or claim splitting under New York law.

> The doctrine of *res judicata* serves to preclude a party from relitigating issues of fact and law decided in a prior proceeding. Specifically as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action. By precluding the relitigation of redundant claims, *res judicata* promotes judicial economy and conserves judicial resources. Since *res judicata* precludes relitigation of issues actually litigated and resolved in a prior proceeding, the party seeking to invoke the doctrine of *res judicata* must demonstrate that the critical issue in a subsequent action was decided in the prior action and that the party against whom estoppel is sought was afforded a full and fair opportunity to contest such issue.

*Gomez v. Brill Sec., Inc.*, 95 A.D.3d 32, 35, 943 N.Y.S.2d 400, 403 (2012) (citations and internal quotation marks omitted); *see also*, *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 73, 96 N.E.3d 737, 744 (2018) ("To establish claim preclusion [*res judicata*], a party must show: (1) a final judgment on the merits, (2) identity or privity of parties, and (3) identity of claims in the two actions."). The *res judicata* doctrine "bars litigation of matters that could or should have been raised in a prior proceeding between the parties <u>arising from the same factual grouping, transaction, or series of transactions</u>."

*Mooney v. Manhattan Occupational, Physical & Speech Therapies, PLLC*, 166 A.D.3d 957, 959, 89 N.Y.S.3d 707, 709 (N.Y. App. Div. 2018) (emphasis added, internal quotation marks omitted).

> In determining whether a factual grouping constitutes a transaction for *res judicata* purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit and whether treating them as a unit conforms to the parties' expectations or business understanding.

*Bayer v. City of New York*, 115 A.D.3d 897, 898–99, 983 N.Y.S.2d 61, 63–64 (2014)   To reiterate, for *res judicata* to apply, the matter must not only arise from the "same factual grouping, transaction or series of transactions" as the earlier lawsuit, but it must also be of a nature that it could or should have been raised in the prior proceeding.

As for the related rule barring "claim splitting," "[t]he claim splitting rule is best understood as a species of the genus *res judicata*, and it thus derives its conceptual force from the principle that the public interest demands that a party not be heard a second time on a cause of action or an issue which he has already had an opportunity to litigate." *Caracaus v. Conifer Cent. Square Assocs.*, 158 A.D.3d 63, 67, 68 N.Y.S.3d 225, 228 (4th Dept. 2017), reargument denied, 159 A.D.3d 1508, 70 N.Y.S.3d 104 (4th Dept. 2018).

> A party invoking the narrow doctrine against splitting a cause of action must show that the challenged claim raised in the second action is based upon the same liability in the prior action, and that the claim was ascertainable when the prior action was commenced. However, if the liabilities or claims alleged in the two actions arise from different sources, instruments, or agreements, the claim splitting doctrine does not apply.

*Melcher v. Greenberg Traurig LLP*, 135 A.D.3d 547, 552–53, 24 N.Y.S.3d 249,

255 (1st Dept. 2016) (citations omitted).

In the prior state-court action, CAV and others sued Rogers for damages that they sustained due to having reasonably relied on false representations that he knowingly made concerning the purchase of cattle and his right to reimbursement for having advanced money to purchase cattle.[11] Put simply, CAV entrusted Rogers with the responsibility for purchasing cattle and then seeking reimbursement for such advances, and he requested and obtained re-payment for alleged advances that he never actually made. The complaint in that action indicated that the tortious conduct occurred "at various times in the first and second quarter of the calendar year 2017." While the complaint in that action did not specifically indicate the name of the cause of action upon which the plaintiffs were suing, it appears that they were suing for fraud. *See, Epiphany Cmty. Nursery Sch. v. Levey*, 94 N.Y.S.3d 1, 6 (N.Y. App. Div. 2019) ("The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages") (citation omitted).

In the instant action, CAV maintains that Nicholas, Hottle and Rogers used improper and/or illegal means to interfere with CAV's supplier agreement with the online grocer, in an attempt to replace CAV as the grocer's supplier of grass-fed beef. The Complaint alleges that some of the tortious acts may have occurred "sometime during the first six months of 2017," but that many other tortious acts took place during the third quarter of 2017, in July and August.[12] CAV's complaint

---

[11] Docket No. [#1-5] at p. 4.
[12] See, Docket No. [#1-1] at ¶ ¶ 38, 45-48.

again fails to specifically name the cause of action being asserted, but it clearly asserts a claim sounding in tortious interference with contract or tortious interference with business relations:

> The elements of a cause of action to recover damages for tortious interference with a contract are the existence of a valid contract with a third party, the defendant's knowledge of that contract, the defendant's intentional and improper procuring of a breach, and damages.

*Rose v. Different Twist Pretzel, Inc.*, 123 A.D.3d 897, 898, 999 N.Y.S.2d 438, 440 (2d Dept. 2014).

> To prevail on a claim for tortious interference with business relations in New York, a party must prove (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party.

*Amaranth LLC v. J.P. Morgan Chase & Co.*, 71 A.D.3d 40, 47 (1st Dept. 2009).

Considering all of the foregoing, the Court finds that Nicholas and Hottle have not shown, by clear and convincing evidence, that CAV's claims against the Rogers Defendants are barred by *res judicata* and/or the rule against claim splitting, and that CAV has therefore fraudulently joined the Rogers Defendants in this action. To the contrary, the Court finds that CAV's claims are not barred by either rule. The claim in this action and the claim in the former state-court action are similar in that they both involve CAV, the Rogers Defendants and cows. Moreover, both claims arise in the general context of CAV's attempt to supply beef to the online grocer. However, the two actions are based upon very different tortious conduct, which occurred at different times. Moreover, it does not appear

15

that the fraud by Rogers, which formed the basis for the first action, necessarily has anything to do with the alleged scheme to tortiously interfere with CAV's business relationship which forms the basis of this action. Accordingly, the removal by Nicholas and Hottle was improper insofar as it was based upon the alleged fraudulent joinder of the non-diverse Rogers Defendants.

New York Limited Liability Company Law § 610

In the Notice of Removal, Nicholas and Hottle alternatively argued that Rogers is not a proper party to this action, pursuant to New York Limited Liability Company Law § 610, which states: "A member of a limited liability company is not a proper party to proceedings by or against a limited liability company, except where the object is to enforce a member's right against or liability to the limited liability company." Citing this provision, Nicholas and Hottle maintain that, "[b]ecause there are no allegations that Michael Rogers was acting in his individual capacity, he is not a proper party in the suit against the limited liability company of which he is a member, *i.e.*, Rogers Cattle Farms, LLC."[13]

In moving to remand this action CAV contends that New York Limited Liability Company Law § 610 does not render improper the inclusion of both Rogers and Rogers Cattle as defendants. In that regard, CAV agrees that it cannot sue Rogers personally if he "acted as the sole member of Rogers Cattle," but maintains that at this point, without having any discovery it cannot say whether Rogers acted in that capacity or in his individual capacity.[14]

---

[13] Notice of Removal [#1] at p. 11, ¶ 62.
[14] Docket No. [#4] at pp. 5-6.

In opposing the motion to remand, Nicholas and Hottle have not addressed that point, and the Court therefore considers that they have abandoned the argument under New York Limited Liability Company § 610. In any event, the Court finds that such argument lacks merit. In that regard, Nicholas and Hottle implicitly acknowledge that it would not violate the statute to include Rogers as a defendant if CAV was attempting to sue him for actions that he performed in his individual capacity,[15] and additionally, they have not shown that CAV is actually attempting to hold Rogers personally liable for actions that he may have committed while acting for Rogers Cattle. Moreover, even if the argument had merit, it would only eliminate Rogers from the action, not Rogers Cattle.

Severance

Nicholas and Hottle alternatively contend that the Court should sever Rogers and Rogers Cattle as defendants, pursuant to Rule 21, which would result in the Court having diversity jurisdiction. However, even assuming *arguendo* that the Court had the ability to create federal jurisdiction in that manner to allow removal, this Court declines to do so. *See, e.g., Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of Am.*, No. 14 CIV. 03303 LGS, 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014) ("While Rule 21 is routinely employed in cases that *began* in federal court, the federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent. Judicial reluctance to employ Rule 21 in the removal context stems from the concern that application of Rule 21 would circumvent the strict constraints of

---

[15] Notice of Removal [#1] at p. 11, ¶ 62.

the removal statute and unduly expand diversity jurisdiction.") (emphasis in original, citations and internal quotation marks omitted). Accordingly, the alternative request by Nicholas and Hottle to sever the Rogers Defendants is denied.

## CONCLUSION

For the reasons discussed above this Court lacks subject-matter jurisdiction over this action. Consequently, Plaintiff's motion to remand [#5] is granted, and this action is remanded to New York State Supreme Court, Schuyler County.[16] The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated: Rochester, New York
April 1, 2019              ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[16] Defendants' Motion to Dismiss [#2] is denied as moot.